629 So.2d 331 (1993)
MED-EXPRESS, INC., et al.
v.
Eddie TARPLEY, et al.
In re GRAND JURY SUBPOENAS TO Pam BROSSETTE, et al.
Nos. 93-CC-1799, 93-CC-1800.
Supreme Court of Louisiana.
November 19, 1993.
*332 Granted. See per curiam.
MARCUS, J., concurs but is of the opinion that physician-patient privilege extends only to matters that defendant expected to be confidential.
ORTIQUE, J., dissents. "Medical Professionals" have an absolute privilege in protecting the interest of their patients. Additionally the district court can not place any limitations on the curtailment of the privilege which may be enjoyed by non professionals.
DENNIS, J., not on panel.
PER CURIAM.
Granted.
The accident occurred on November 7, 1992. Therefore, the applicable statutory rule on "physician/patient" privilege is found in La.R.S. 15:476 and not in La.Code of Evid. art. 510 which did not become effective until January 1, 1993. Neither does the "health care provider/patient" privilege found in La.R.S. 13:3734 apply as that statute only applies to civil and malpractice actions.
Because the Med-Express employees are ambulance technicians and not "physician[s]" as required under La.R.S. 15:476, there is no privilege as to any type of communication made to them by the injured party nor as to any observations they may have made about the injured party's condition.
Also receiving subpoenas to appear before the grand jury were employees of Rapides General Medical Center, including employees of its emergency medical transport units, Med-Flight and Cenla Ambulance, and employees at the hospital itself, some of whom are nurses and some of whom are physicians. Because the transport unit employees and the nurses at the hospital are not "physicians" under La.R.S. 15:476, there is no physician-patient privilege as to any communications made to them or observations made by them regarding the patient.
Regarding the physician who received a subpoena, under La.R.S. 15:476, he *333-341 or she is not permitted "to disclose any communication made to him ... by or on behalf of his patient, or the result of any investigation made into the patient's physical or mental condition, or any opinion based upon such investigation, or any information that he may have gotten by reason of his being such physician." Only to this extent does there exist a privilege. The fact the district attorney may attempt to question the physician about information which would fall within the scope of the privilege does not warrant that the subpoena be quashed, as the district attorney certainly may question the physician about non-privileged information, e.g. his sensory impressions made prior to beginning the examination.
Therefore, the trial court's judgment restricting the scope of questioning as to the Med-Express employees and quashing the subpoenas of the hospital employees is reversed.
REVERSED AND REMANDED.
MARCUS, J., not on the panel.