MARVIN, Chief Judge.
Having been billed for the attempted simple burglarly of an inhabited dwelling and convicted by a jury of attempted unauthorized entry of an inhabited dwelling, Johnny L. Wilson, a fourth-felony offender, appeals his 35-year sentence at hard labor without benefit of probation or suspension. LRS 14:27, 14:62.3, and 15:529.1.
Because of Wilson’s fourth-felony status the trial court thought it “unnecessary to go into the reasons for ... sentencing.”
The Felony Sentencing Guidelines and CCrP 894.1 should have been considered, and factual support for departing upward from the Guidelines should have been articulated. State v. Smith, 629 So.2d 333 (La. 1993). Therefore, we vacate the sentence and remand for resentencing.
DISCUSSION
Wilson’s motion to reconsider specifically noted that the sentence exceeded the Guidelines and that no aggravating circumstances were stated by the trial court. The trial court simply stated:
Under these circumstances [Wilson’s status as a fourth felony offender] this court feels that it is unnecessary to go into the reasons for your sentencing as the Court would do in an ordinary case.
The Legislature has already provided that a conviction for a fourth felony conviction would carry a minimum sentence of twenty years up to the maximum of life. In addition, we do have the pre-sentence investigation report showing all of these felony convictions as well as others that had been dismissed because of your guilty plea in a previous simple burglary case. Our Legislature has seen fit to set the minimum and maximum for a fourth felony conviction and giving the discretion to the Court as to what the sentence would be.
While LRS 15:529.1 provides a minimum 20-year to life sentence for a fourth-felony offender, CCrP 894.1 and the Felony Sentencing Guidelines set forth the procedure to be followed when a sentence in excess of 20 years is to be imposed:
B. Any person who has been convicted of a felony and adjudged an habitual offender shall receive an enhanced penalty as provided by R.S. 15:529.1, the Habitual Offender Law. In such cases, the enhanced sentence may exceed the maximum sentence range specified in the appropriate *94 cell in the sentencing grid. In such cases, the court should impose the minimum sentence provided by law unless aggravating circumstances justify imposition of a more severe sentence.
FSG § 309B, in part.
Emphasis added.
CCP Art. 894.1 states in part:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission. # ⅜ # ⅜ * #
C. The court shall state for the record the considerations taken into account, including any aggravating ... circumstances which may be present, and the factual basis therefor in imposing sentence.
Emphasis added.
The statutorily required procedure was not followed.
DECREE
Wilson’s sentence is VACATED, and the case is REMANDED for RESENTENCING in accordance with law.