WARD, Judge.
Archie Hawkins, also known as Lawrence Martin, was charged on February 7, 1975, with armed robbery, a violation of LSA-R.S. 14:64. A twelve-member jury found him guilty as charged. He was sentenced to one hundred years at hard labor as a fourth felony offender under R.S. 15:529.1; he appealed, and his conviction and sentence were affirmed. State v. Hawkins, 339 So.2d 351 (La.1976).
Hawkins applied for post-conviction relief, arguing that he was denied effective assistance of counsel when appellate counsel did not comply with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990), in the error patent brief filed on his behalf. His application was granted on November 12, 1991, and his multiple bill adjudication was vacated. He was resentenced on March 26, 1993, to serve fifty years at hard labor without benefit of parole, probation, or suspension of sentence. He now appeals his resentencing.
Hawkins argues that his sentence of fifty years at hard labor is excessive under the Louisiana Sentencing Guidelines. His criminal history[1] makes him a Class B offender, and according to the guidelines if a Class B felon is convicted of armed robbery, his sentence should be between 300-270 months (25-22½ years).
In State v. Smith, 629 So.2d 333 (1993), the Supreme Court declared,
*1281 “[W]e find that the Guidelines are mandatory, but only in the sense that the trial court must consider them and, if gross deviation is called for, must ‘[s]tate for the record the reasons for departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor.” [Cite omitted]. The Guidelines are also advisory, but only in the sense that a judge is not compelled to follow them if a sentence outside the Guidelines is supported by aggravating or mitigating circumstances in the record.
Thus, the trial court is required to state reasons for departing from the sentencing range of the guidelines.
At the sentencing hearing after noting that Hawkins had three felony convictions prior to the armed robbery conviction, the trial court stated:
I have considered the guidelines in this particular case. The Court in this particular matter will opt to not follow the guidelines. The Court does find that this particular offense was one which was committed within a rather cruel manner in that the victim of this particular offense suffered injuries as a result of this armed robbery, marks — knife marks to the victim’s neck, as is indicated in the Pre-Sentence Investigation which is made a part of this particular record.
The victim, when he was again contacted concerning this particular case, does still indicate he has very vivid memories of this incident even though it happened almost 20 years ago.
Here the trial court in compliance with the guidelines listed an aggravating circumstance which distinguishes this case from a typical case of armed robbery. The court cited the cruelty of the defendant which the victim remembers after twenty years. The reason given for sentencing in excess of the guidelines is adequate for the departure from the guidelines.
Because the procedures set out in the Felony Sentencing Guidelines were followed by the trial court and aggravating factors justify a departure from the recommended sentence, we affirm the appellant’s conviction and sentence.
AFFIRMED.

. The appellant has three prior felony convictions.