SCHOTT, Chief Judge.
Defendant was convicted of armed robbery and was sentenced to twenty-five years. In a single assignment of error, he argues that the trial court failed to consider the sentencing guidelines, adopted pursuant to LSA-R.S. 15:326, imposed a sentence in excess of the guidelines, and did not justify the deviation from the guidelines.
At trial Carl Bennett testified that on March 28, 1992, about 8 p.m. while he was working on his car he became aware of someone standing next to him, and he felt a gun in his side. The man said, “Give it up.” and he handed the assailant his wallet, walked away and began screaming. His assailant waved a gun at him and told him to be quiet. Then the assailant got into Bennett’s car and drove away. Three other men who had been with the assailant but who had run down the street when Bennett began screaming also got into the car. A week after the incident, Bennett was called by a Jefferson Parish police officer who had found his car. At trial Bennett identified the appellant as the man who robbed him at gunpoint.
A Jefferson Parish deputy on patrol on March 30, 1992, spotted an automobile with no license plate being driven by defendant. The deputy stopped the car and defendant said the car was his mother’s. The deputy ran the identification number of the car through the computer and found that the car had been stolen. Defendant then said he had purchased the car from someone named Jesse.
The defense argues that the defendant’s sentence of twenty-five years at hard labor is excessive under the sentencing guidelines. Defendant pled guilty in 1990 to attempted simple burglary qualifying him as a Class D offender. According to the guidelines if a Class D felon is convicted of armed robbery, his sentence should be between 180-150 months (15 — 12½ years).
In State v. Smith, 629 So.2d 333 (93-K-0402, La. Dec. 15, 1993), the Supreme Court declared,
*1296 “[W]e find that the Guidelines are mandatory, but only in the sense that the trial court must consider them and, if gross deviation is called for, must ‘[s]tate for the record the reasons for departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor.” [Cite omitted]. The Guidelines are also advisory, but only in the sense that a judge is not compelled to follow them if a sentence outside the Guidelines is supported by aggravating or mitigating circumstances in the record.
Since the sentence in this case was a gross deviation the trial court was required to state reasons for the deviation.'
At the sentencing hearing in the case at bar, the trial court stated:
The Court is aware of 894.1, Subparagraph (A) and (B) of the Code of Criminal Procedure in sentencing you. This Court feels that if you were to receive a suspended sentence or be placed on probation, there is an undue risk that during the period of a suspended sentence or probation, that you would commit another crime;
Secondly, the Court feels that you are in need of correctional treatment or a custodial environment that can be provided most effectively by your commitment to an institution.
Finally, I feel that any lesser sentence than the one that I will impose will deprecate the seriousness of your charge. The Court is also aware of the mitigating circumstances under 894.1 Subparagraph (B). The Court does not feel that the mitigating' circumstances are present to such an extent as to allow this Court to give you a suspended sentence or place you on probation.
The Court is also aware of the fact that under the laws of this State, because you have a prior felony conviction within a period of five (5) years from the commission of this particular crime, you are not eligible to receive probation; and, furthermore, this particular crime, that of armed robbery, does not allow for the Court to impose a suspended sentence or place you on probation.
This was a situation which the victim identified you as being the offender and that you were armed with a dangerous weapon, to wit; a revolver, a gun — a very life-threatening and very serious situation for all persons involved. The Court will take into account the fact that this is your second offense. The Court will also take into account your age in imposing your sentence.
Since the trial court refers to C.Cr.P. art. 894.1, the sentencing guidelines were not the basis for the sentence. In any event, the trial court imposed a sentence substantially greater than the designated sentence range provided in the guidelines without articulating any aggravating circumstances from the enumerated factors listed under § 209 B of the guidelines that justify a departure. Such factors include deliberate cruelty, use of threats, creating a risk of death to more than one person, significant permanent injury or significant economic loss to a victim, and other circumstances distinguishing this case from a typical case of the offense. Since the reasons given for sentencing here were not adequate, we are required to vacate the appellant’s sentence and remand the case for resentencing in accordance with the guidelines. State v. Smith, supra.
Accordingly, the appellant’s conviction is affirmed, but his sentence is vacated and the case is remanded to the trial court for resen-tencing.

CONVICTION AFFIRMED;

SENTENCE VACATED; REMANDED.