THIBODEAUX, Judge.
The defendant, Sarah Louise Thomas Williams, pled guilty to five counts of forgery, violations of La.R.S. 14:72. This plea of guilty was entered without any plea bargain agreement as to the sentences to be imposed. The defendant was sentenced to eight years at hard labor on each count. The sentences were to be served consecutively. The defendant’s motion to reconsider sentence was summarily denied by the trial court.

ASSIGNMENT OF ERROR

By her sole assignment of error, defendant contends that her sentence is excessive. Defendant received eight years on each of five counts of forgery to run consecutively to each other for a total sentence of forty years in prison. The statutory range provided by La.R.S. 14:72 is a fine of not 'more than $5,000.00 or imprisonment, with or without hard labor, for not more than ten years, or both.
In brief, defendant admits that she has not led a law-abiding life but still urges that the instant offenses do not warrant a sentence as severe as the one imposed. Defense counsel *631 points out in brief that the Probation and Parole Sentencing Guidelines Report recommends a sentence of between 60 months to 72 months for concurrent sentences and 180 months to 192 months for consecutive sentences.
Defendant’s criminal history index score has been calculated by Probation and Parole as a grid cell 5A which falls within the discretionary sanction zone. Defendant has been convicted previously of aggravated battery on two separate occasions. Aggravated battery is a level 2 crime which calls for 3 criminal history index points. Furthermore, defendant was convicted of various misdemeanor offenses including theft and contributing to the delinquency of a juvenile in September of 1981 and of interfering with an officer in September of 1991, resulting in an additional half point for defendant’s prior misdemeanor convictions. Probation and Parole did not consider the 1991 misdemeanor conviction in calculating the number of criminal history index points. However, defendant’s criminal history score still totals in excess of 5 points and, thus, the grid cell calculation of 5A is a correct calculation. 5A falls within the discretionary zone and recommends that defendant’s sentence be between 60 and 72 months with sanction units of between 142 and 210. In the present case, the judge sentenced the defendant to consecutive terms on each of the five offenses.
Louisiana Sentencing Guidelines Section 215 provides the formula for calculating sentences which are to be served consecutively. If sentences are imposed consecutively, the base sentence range for the most serious offense and conviction is first calculated. The remaining offenses provide an additional penalty of no more than fifty percent of the minimum of the grid range for each of the subsequent offenses for which the offender is being sentenced. Therefore, the recommended sentencing range for defendant is 72 months on the first conviction and 30 months for each of the remaining four convictions for a total of 192 months, or 16 years. Once again, this is the maximum recommended sentence calculated by Probation and Parole in its Sentencing Guidelines Report.
At the entry of the plea, the court ordered a Presentence Investigation Report. At sentencing, which occurred on October 7, 1993, the court announced the maximum sentence the defendant could receive on all counts was a fine of $25,000.00 and imprisonment of fifty years. The judge referred to the Presen-tence Investigation Report dated September 16, 1993, and outlined the defendant’s prior criminal record. The record indicates that Probation and Parole compiled both a Sentencing Guidelines Report and a Presentence Investigation Report.
The record should affirmatively show compliance with La.Code Crim.P. art. 894.1. If the record is not clear as to whether the trial court considered the recommended sentencing range provided by the Louisiana Sentencing Guidelines, the case should be remanded to the trial court for resentencing in compliance with La.Code Crim.P. art. 894.1.
Reviewing the sentence given the defendant, the only aggravating factor stated by the court in imposing sentences in excess of that recommended by the guidelines was the defendant’s prior criminal record. After setting forth the defendant’s prior record, the court stated:
“Your history is one of crime and you deserve a harsh punishment. In view of your criminal record, including two prior felony convictions, the Court will depart from the sentencing guidelines report and recommendation as it is permitted to do and finds that you are a threat to society and civilization, a danger to the community and it is almost certain you will commit more crimes as you will remain criminally active. The Court believes that you cannot be rehabilitated and must impose a meaningful punishment upon you which,will act as a deterrent.”
From this quote, it appears the court did refer to the Sentencing Guidelines Report even though he did not refer specifically to the appropriate grid cell or the sentencing range recommended therein. The trial court complied with the section of Article 894.1 that requires consideration of the sentencing guidelines. However, Article 894.1(C) still requires that the sentencing judge state for the record the considerations he took into *632 account, including any aggravating or mitigating circumstances which may be present. The sentencing judge must also set forth a factual basis on the record before imposing sentence.
The Louisiana Supreme Court has held that when a judge imposes a sentence upon a defendant which is a deviation from that recommended by the Louisiana Sentencing Guidelines, then aggravating or mitigating factors must be set forth which would justify the deviation. State v. Smith, No. 93-K-0402, 629 So.2d 333 (La.1993). In our view, the trial judge grossly deviated from the recommended sentence of a maximum of 192 months (16 years) when it imposed consecutive sentences totalling forty years.
The only reason stated by the trial judge in departing from the sentencing guidelines recommendation was the defendant’s “very bad criminal record.” However, this is not an aggravating factor contemplated by the sentencing guidelines which would justify a gross deviation from the sentence recommended by the guidelines. Louisiana Sentencing Guidelines Section 209(18) provides for consideration of a defendant’s prior criminal history that was used in calculating the defendant’s criminal history index score only when an offender’s record of convictions for prior criminal conduct exceeds the threshold for Class A by at least two points on the criminal history index. The defendant’s criminal history index score does not exceed the class A threshold by more than two points. Therefore, the defendant’s prior record would not be a sufficient basis for such a gross deviation from the sentences recommended by the guidelines.
Although the defendant did not object to the sentence based upon the failure of the trial judge to impose sentences in conformity •with the Louisiana Sentencing Guidelines, this court shall use the guidelines as an additional basis in which to review the sentences for excessiveness. The issue of exces-siveness was properly preserved by defendant in her oral motion for reconsideration at the time of sentencing.

CONCLUSION

For the foregoing reasons, the sentences are vacated and set aside and the case remanded to the trial court for compliance with La.Code of Crim.P. art. 894.1, State v. Smith, supra, and Louisiana Felony Sentencing Guidelines. On remand, the sentencing judge is instructed to give the defendant credit for time served, as required by La. Code of Crim.P. art. 880, at the time of resentencing.
Reversed; Sentences vacated and set aside and case remanded for resentencing.