GONZALES, Judge.
Defendant, Kenneth L. Truax, was charged by bill of information with distribution of cocaine, in violation of La.R.S. 40:967 AG).[1] He pled not guilty and, after a jury trial, was found guilty as charged. Defendant was sentenced to a term of imprisonment of twelve years at hard labor, with credit for time served. He appeals, urging three assignments of error. Assignments of error numbers one and two were expressly abandoned in brief and will not be considered.
FACTS:
On March 27,1991, defendant sold cocaine to undercover police officers. At the trial, Louisiana State Police Master Trooper Marshall P. Scott testified that he was working undercover on that day with a confidential informant (Cl) and Baton Rouge Police Detective Mary Ann Godawa. The Cl had told Trooper Scott that Ken Truax had cocaine for sale and would be at Larry O’s Bar in Baton Rouge. The Cl introduced the officers to defendant and his companion, Jim Hipps, and Detective Godawa handed them $200 for cocaine. Defendant and Hipps left to get the cocaine; and, when they returned, they handed the powder to Detective Goda-wa. The powder was tested at the Louisiana State Police Crime Lab and it proved to be cocaine. Subsequently, defendant was arrested.
ASSIGNMENT OF ERROR NUMBER THREE:
In this assignment of error, defendant contends that the trial court erred by imposing an excessive sentence and failing to consider the Louisiana Felony Sentencing Guidelines pursuant to La.C.Cr.P. art. 894.1. Defendant asserts that this case should be remanded for resentencing because the trial court incorrectly applied the guidelines. Specifically, defendant argues that distribution of cocaine is a level 2 offense and that none of the level 2 offenses include a 144 month range.
Is At sentencing, no mention was made about which level offense defendant committed or which grid cell is applicable. Defendant was sentenced to 144 months (12 years).
Defendant filed a motion to reconsider sentence in which he stated that the trial court erred by failing to state reasons for imposing an atypical sentence and by imposing an excessive sentence. At the hearing on the motion to reconsider sentence, defense counsel told the court that defendant’s offense level is 2, the grid is E and the sentencing range is from 72 months (6 years) to 84 months (7 years). The trial court stated that it considered the sentencing guidelines too lenient and “the court does not consider the sentence to be serio — as sever[e] as some that has [sic] been meted out by this court.” Then, the trial court denied the motion to reconsider sentence.
The trial court must consider the sentencing guidelines and, if gross deviation is called for, must state for the record the reasons for departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor. The trial court is at liberty to impose a more severe sentence than that provided for in the sentencing guidelines, but it must articulate for the record the reasons for the deviation by specifying aggravating circumstances. State v. Smith, 629 So.2d 333, 337 (La.1993), rehearing granted, 93-K-0402, (March 10, 1994).
In the instant ease, 12 years appears to be a gross deviation upward from the grid cell suggested by defense counsel; and the trial court did not disagree with defense counsel’s suggested grid cell nor did it state any reasons for its upward departure. Therefore, for the reasons herein stated, we vacate the sentence and remand for resentencing in conformity with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

. Defendant was charged with a co-defendant, James D. Hipps. Hipps pled guilty and is not a party to the instant appeal.