jiLINDSAY, Judge.
The defendant, Andre Parker, was originally charged with possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967(A). He pled guilty to possession of cocaine, in violation of LSA-R.S. 40:967(C). The defendant was sentenced to a term of imprisonment at hard labor for five years, with credit for time served. He appealed. For the reasons assigned below, we affirm the defendant’s conviction and sentence.
*384 FACTS
On June 13, 1993, several police officers went to a house in Minden to question the owner about a reported drug transaction. When they knocked on the front door and announced their presence, the defendant fled through the back door. He was apprehended, and a search of his person revealed a bag of marijuana. When the officers asked him his name, he gave them two different names, both of which ultimately proved to be false.
Believing they had interrupted a burglary, the police officers entered the residence, where they encountered two other persons. The officers observed three weapons partially visible under the living room sofa, at least two of which were loaded. They also found 13 rocks of crack cocaine in a match box, 25 rocks of crack cocaine in a pill bottle, and various drug paraphernalia. All three occupants of the house were arrested and charged with possession of cocaine with intent to distribute. The defendant was also charged with possession of marijuana.
On July 12,1993, pursuant to a plea agreement, the defendant pled guilty to an amended charge of possession of cocaine, and the possession of marijuana charge was' dismissed. On October 11, 1993, the trial court ^sentenced the defendant to serve a term of imprisonment at hard labor for five years, with credit for time served. The defendant filed a motion for reconsideration of sentence which was denied by the trial court. In the motion, the defendant contended that the trial court erred by departing from the sentencing guidelines grid and imposing a sentence in excess of the defendant’s grid cell.
The defendant appealed. He contends that the trial court erred by imposing an excessive sentence.
DISCUSSION
In imposing sentence, the trial court noted that the defendant had previously been charged with simple burglary and theft but was allowed to plead guilty to attempted simple burglary. He was placed on probation, but it was revoked due to his failure to comply with the conditions of his probation. The court further observed that the defendant had two other outstanding charges, simple escape (1990) and second degree battery (1992), the disposition of which were unknown.[1]
The trial court found that the defendant fell within grid cell 5-D, which provided for a sentencing range of 24 to 36 months. However, the court found several aggravating circumstances under La.S.G. § 209 which justified a departure from the guidelines grid.
Is As an aggravating factor, the trial court referred to the defendant’s attempt to deceive the court and law enforcement officials. The defendant supplied the police and the probation/parole officer who compiled the pre-sentence investigation (PSI) report with a false name and personal history. Further, at the time of his guilty plea, and under oath, the defendant continued to assert that his name was Andre Parker. The authorities learned the defendant’s real name (Donnie Ray Kingsley) after they submitted his fingerprints to the FBI. The apparent purpose for the deception was to conceal his prior criminal history.
We find that such a factor may be properly considered an aggravating circumstance under the omnibus category of La.S.G. § 209(B)(22), which refers to “[a]ny other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction.” This omnibus factor “provides the trial court with even greater discretion to deviate from the Guidelines when an atypical case arises for which the aggravating ... considerations do not fall into one of the listed factors.” State v. Smith, 629 So.2d 333 (La.1993). Also, see and compare United States v. Dunnigan, — U.S. -, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), which concerns sentencing enhancement for perjury under the United States Sentencing Guidelines.
*385 The trial court also noted the benefit the defendant received as the result of the plea bargain. In particular, the defendant was originally charged with possession of cocaine with intent to distribute, which carries a minimum sentence of five years at hard labor, but he was allowed to plead guilty |4to possession of cocaine, which has a maximum sentence of five years at hard labor. At his guilty plea, the defendant acknowledged that he was in possession of the 38 rocks of crack cocaine which he possessed with the intent to distribute. In support of the argument that an offender’s probable guilt of a more serious offense than the one to which he pled guilty may constitute an aggravating factor under the omnibus provision, see C. Joseph, B. Boudreaux, C. Lindsay and M. Menezes, Louisiana Sentencing Guidelines Manual, the introduction, p. 11, fn. 51 (1993 edition).[2]
Accordingly, we find that the trial court did not err in departing from the guidelines grid. This assignment of error is meritless.
The defendant further contends that his sentence was unconstitutionally excessive. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989). However, given the totality of the circumstances, including the defendant’s attempted subterfuge as to his real identity, his criminal history, and the quantity of drugs possessed by the defendant with the intent to distribute, our sense of justice is not shocked by the sentence imposed upon this defendant. Consequently, we find that the sentence is not unconstitutionally excessive.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. To the extent that the trial court apparently considered the defendant's prior criminal history as an aggravating factor, this was error. His previous criminal conviction was used to calculate his criminal history index under the sentencing guidelines. However, since we find that another factor exists which can be properly included under the omnibus category, this error does not alter our decision in this case.

. We also note that the trial court considered as an aggravating factor the presence of several firearms in the house at the time of the defendant's arrest. However, there is no showing in the record that the defendant owned any of the weapons or that he used a weapon in the commission of the instant crime.