PER CURIAM:
Defendant filed an application with this court for supervisory writ seeking reversal of a trial court ruling finding he expressly waived his physician-patient privilege by releasing certain medical information to his disability insurer when applying for insurance and later claiming benefits pursuant to the terms of the acquired policy. We assigned this matter for oral argument on our regular docket as a special fixing to allow the parties opportunity to appear and articulate their contentions, particularly considering the importance of the issue raised.
La.R.S. 15:476 does not permit a physician “to disclose any communication made to him ... by or on behalf of his patient, or the result of any investigation made into the patient’s physical or mental condition, or any opinion based upon such investigation, or any information that he may have gotten by reason of his being suxh physician.” Med-Express, Inc. v. Tarpley, 629 So.2d 331 (La.1993). The privilege statutorily recognized and protected by La.R.S. 15:476 extends only to statements allegedly made by defendant to Dr. Edward P. Uzee or the results of any investigation or information gathered by virtue of Dr. Uzee’s physician-patient relationship with defendant. The privilege does not foreclose introduction of information gathered from other sources or statements made by defendant to other persons; and, it does not prevent the District Attorney from questioning even Dr. Uzee “about non-privilege information, e.g. his sensory impression made prior to beginning the examination.” Med-Express, Inc., supra.
Accordingly, the ruling of the trial court finding an express waiver of the physician-patient privilege is hereby reversed and the case is remanded to the trial court for further proceedings. Furthermore, the stay previously ordered in this case is set aside.
WRIT GRANTED AND MADE PEREMPTORY: The trial court’s ruling is reversed.