647 So.2d 597 (1994)
STATE of Louisiana,
v.
Sarah Louise Thomas WILLIAMS.
No. CR94-736.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
*598 J. William Pucheu, Ville Platte, for State of La.
John Larry Vidrine, Ville Platte, for Sarah Louise Thomas Williams.
Before YELVERTON, THIBODEAUX and PETERS, JJ.
PETERS, Judge.
The defendant, Sarah Louise Thomas Williams, was originally charged by bill of information with seven counts of forgery, violations of Louisiana Revised Statutes 14:72. She entered a plea of guilty to five of the seven counts and was sentenced to eight years at hard labor on each count with the sentences to run consecutively. The defendant's motion to reconsider sentence was denied by the trial court. She then appealed to this court contending her sentences were excessive. This court vacated the sentences and remanded the case to the trial court for resentencing in compliance with Louisiana Code of Criminal Procedure article 894.1; State v. Smith, 629 So.2d 333 (La.1993); and the Louisiana Felony Sentencing Guidelines. See State v. Williams, 635 So.2d 630 (La. App. 3d Cir.1994).
The trial court then resentenced the defendant to four years at hard labor on each of the five counts and ordered that the sentences run consecutively. The defendant's motion for reconsideration of sentence was denied by the trial court and she then perfected this appeal.

ASSIGNMENT OF ERROR
The defendant has filed one assignment of error. In this assignment, she contends the sentence of the trial court rendered on remand is still excessive. This court previously concluded that the trial court "grossly deviated from the recommended sentence of a maximum of one hundred ninety-two months (sixteen years) when it imposed consecutive sentences totalling forty years." Williams, supra, 635 So.2d at 632. The question now before the court is whether imposition of consecutive sentences totalling twenty years is so excessive as to require reversal.
This court previously summarized the criminal history available to the trial court as follows:
Defendant's criminal history index score has been calculated by Probation and Parole as a grid cell 5A which falls within the discretionary sanction zone. Defendant has been convicted previously of aggravated battery on two separate occasions. Aggravated battery is a level 2 crime which calls for 3 criminal history index points. Furthermore, defendant was convicted of various misdemeanor offenses including theft and contributing to the delinquency of a juvenile in September of 1981 and of interfering with an officer in September of 1991, resulting in an additional half point for defendant's prior misdemeanor convictions. Probation and Parole did not consider the 1991 misdemeanor conviction in calculating the number of criminal history index points. However, defendant's criminal history score still totals in excess of 5 points and, thus, the grid cell calculation of 5A is a correct calculation. 5A falls within the discretionary zone and recommends that defendant's sentence be between 60 and 72 months with sanction units of between 142 and 210. In the present case, the judge sentenced the defendant to consecutive terms on each of the five offenses.
Louisiana Sentencing Guidelines Section 215 provides the formula for calculating sentences which are to be served consecutively. If sentences are imposed consecutively, the base sentence range for the most serious offense and conviction is first calculated. The remaining offenses provide an additional penalty of no more than fifty percent of the minimum of the grid range for each of the subsequent offenses for which the offender is being sentenced. Therefore, the recommended sentencing range for defendant is 72 months on the first conviction and 30 months for each of the remaining four convictions for a total of 192 months, or 16 years. Once again, this is the maximum recommended sentence *599 calculated by Probation and Parole in its Sentencing Guidelines Report.
Williams, supra, 635 So.2d at 631.
We first note that when this case was previously before us, the judgment rendered was based partially on the 1993 Louisiana Supreme Court's ruling in State v. Smith which was reported at 629 So.2d 333. In Smith, the Louisiana Supreme Court was called upon to decide whether the Louisiana Felony Sentencing Guidelines are mandatory in nature, and if so, to what extent. The supreme court first concluded that:
[T]he Guidelines are mandatory, but only in the sense that the trial court must consider them and, if gross deviation is called for, must "[s]tate for the record the reasons for departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor." La.Admin.Code tit. 22 § 209(4)(b) (West 1993) (emphasis provided). The Guidelines are also advisory, but only in the sense that a judge is not compelled to follow them if a sentence outside the Guidelines is supported by aggravating or mitigating circumstances in the record.

State v. Smith, 639 So.2d 237, 239 (La. 1994) quoting State v. Smith, 629 So.2d 333 (La.1993).
The Louisiana Supreme Court granted a rehearing in Smith, and since our first decision in this case it has reevaluated its original ruling and concluded that the Louisiana Felony Sentencing Guidelines are advisory in nature despite the use of mandatory terms such as "shall" in the various sections. State v. Smith, 639 So.2d 237, 242 (La.1994). In rendering the decision on rehearing, the supreme court also withdrew its prior opinion from publication. See Editor's Note at 629 So.2d 333-341. The more recent opinion has established the process of appellate review of the trial court's use of the Guidelines. The court explained:
(1) [W]hile a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.

State v. Smith, 639 So.2d 237, 240 (La. 1994).
Thus we must follow the more recent direction of the Louisiana Supreme Court in the analysis to be applied herein. In doing so, the first thing we must determine is whether the trial court "considered" the Guidelines. At resentencing, the trial court did not mention the Guidelines but explained that the reasons for sentencing were the same as rendered in the original sentencing proceedings. A review of those proceedings reveals that the trial court specifically stated it would "depart from the Sentencing Guidelines Report." To depart from the Guidelines requires a consideration of the Guidelines, and therefore, the first requirement of State v. Smith, 639 So.2d 237, 240 (La.1994) is satisfied.
Once we determine that the trial court considered the Guidelines, we must then consider whether the trial court adequately stated for the record the considerations taken into account and the factual basis for the sentence imposed. At resentencing the trial court again referred to the reasons given in the original sentencing proceedings as the reasons for the new sentence. Those reasons were as follows:
You have a very bad criminal record [sic] the Pre-Sentence Investigation Report of September 16, 1993 shows the following:
1) On September 30, 1981you plead [sic] five counts of Misdemeanor Theft and Contributing To The Delinquency of a Juvenile in Baton Rouge.

*600 2) On April 7, 1982, you were found guilty of Aggravated Battery in Baton Rouge and sentenced to four years at hard labor, suspended and put on four years active supervised probation.
3) On January 1, 1986 in Baton Rouge, you were charged with Attempted First Degree Murder and pled guilty to Aggravated Battery and sentenced to three years at hard labor.
4) On October 9, 1990, in Evangeline Parish, Louisiana, you were charged with Simple Damage to Property, Extortion and Theft.
5) On September 30, 1991, in the Ville Platte City Court, you pled guilty to Interfering With Police Officers.
Your history is one of crime, and you deserve a harsh punishment.
In view of your criminal record, including two prior felony convictions, the Court will depart from the Sentencing Guidelines Report and Recommendation as it is permitted to do, and finds that you are a threat to society and civilization, a danger to the community, and that it is almost certain you will commit more crimes, as you will remain criminally active. The Court believes that you cannot be rehabilitated, and must impose a meaningful punishment upon you which will act as a deterrent.
The only aggravating circumstance referred to by the trial court was defendant's criminal record. However, the Louisiana Supreme Court has abandoned the requirement that a sentence outside the Guidelines be supported by aggravating or mitigating circumstances in favor of the requirement that the trial court state the considerations it takes into account and the factual basis for the sentence imposed. State v. Smith, 639 So.2d 237, 240 (La.1994). Aggravating and mitigating circumstances are therefore only a part of the considerations to be used in determining an appropriate sentence. La. Code Crim.P. art. 894.1(C). In this case, the trial court considered that the defendant is "a threat to society and civilization, a danger to the community" and that she "cannot be rehabilitated." It was the trial court's opinion that the defendant would commit more crimes and remain "criminally active" if not incarcerated. The trial court stated it was inclined to "impose a meaningful punishment" as "a deterrent." These considerations were based upon a factual basis of the defendant's prior criminal history. We find that the trial court has met the second requirement of State v. Smith, 639 So.2d 237, 240, having adequately stated for the record the considerations taken into account and the factual basis for the sentence imposed.
Once this court finds the Guidelines were considered and a factual basis for the sentences was noted, this court's review of the sentences is limited to one of review for constitutional excessiveness. A sentence is constitutionally excessive if the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or if the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than a needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The maximum penalty which may be imposed under Louisiana Revised Statutes 14:72 for each count is a fine of not more than $5,000.00 or imprisonment, with or without hard labor, for not more than ten years, or both. The defendant was sentenced to less than one-half the maximum on each count. The Louisiana Felony Sentencing Guidelines recommend a sentence from sixty to seventy-two months for concurrent sentences and from one hundred eighty to one hundred ninety-two months for consecutive sentences. The defendant was sentenced to forty-eight months, or four years, above the Guidelines' recommendation. We do not find the sentences imposed to be so grossly disproportionate to the severity of the crimes and the defendant's criminal history so as to shock our sense of justice.

*601 ERRORS PATENT
Louisiana Code of Criminal Procedure article 920 provides that in addition to considering the assignments of error on appeal, this court shall also consider any error "that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." In accordance with this article we have reviewed the record for such errors and find none.

CONCLUSION
For the foregoing reasons, the sentence of the trial court is affirmed in all respects.
AFFIRMED.
THIBODEAUX, J., dissents and assigns reasons.
THIBODEAUX, Judge, dissenting.
I agree that the defendant has "a very bad criminal record." However, the five forged instruments totalled $900.00. In my view, the aggregate sentence of twenty years at hard labor is grossly disproportionate to the severity of these forgeries. It is nothing more than needless punishment. The sentence is, therefore, unconstitutionally excessive.