639 So.2d 237 (1994)
STATE of Louisiana
v.
Roger L. SMITH.
No. 93-K-0402.
Supreme Court of Louisiana.
July 5, 1994.
Rehearing Denied September 1, 1994.
*238 Richard Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Valentin Michael Solino, Asst. Dist. Atty., for applicant.
Dwight Michael Doskey, Orleans Indigent Defender Program, for respondent.
Ellis Paul Adams, Jr., for amicus curiae, Louisiana Dist. Atty. Ass'n.
Bernard E. Boudreaux, Jr., amicus curiae, for Louisiana Sentencing Committee.
Richard Morris Tompson, amicus curiae, for Jefferson Parish Indigent Defender Bd.
KIMBALL, Justice.[*]

FACTS
On August 21, 1991, Rhonda Bordelon exited the A & P grocery store in the French Quarter. As she was walking home, she was approached from behind and commanded to surrender her purse. Bordelon resisted initially and was pushed to the ground. The assailant then took the purse and ran. Several people witnessed the struggle, gave chase, and apprehended the assailant a few blocks away. Bordelon positively identified the defendant as the assailant both at the time of the arrest and at trial.

PROCEDURAL HISTORY
Defendant was charged by the district attorney with purse snatching, a violation of La.R.S. 14:65.1. A jury found the defendant guilty as charged. He was sentenced as a second offender under La.R.S. 15:529.1, to serve fifteen years at hard labor.
On appeal, the Fourth Circuit Court of Appeal affirmed the conviction but vacated *239 the sentence.[1] Stating that "[t]he occurrence of this crime in the French Quarter and the defendant's prior conviction are not justifiable reasons for the gross departure from the sentence recommended in the guidelines,"[2] the court of appeal held that "[i]t is an abuse of the trial court's discretion to impose a sentence that grossly deviates from the guidelines when that deviation is not supported by the record."[3]
The court of appeal interpreted La. Code Cr.P. arts. 881.1-881.6 and 894.1 to require the trial court to consult the Louisiana Sentencing Guidelines[4] (hereinafter "Guidelines") and make use of them "as a norm."[5] However, the court of appeal determined, if aggravating or mitigating circumstances are present in the record, a sentencing judge has the discretion to impose a more severe or less severe sentence than the sentence or sentencing range set forth in the Guidelines.[6] Because the trial judge in this case articulated for the record that he had considered the Guidelines, but imposed a sentence more severe than that which was recommended by the Guidelines, and because the trial judge's reasons for imposition of that sentence were deemed "not justifiable" by the court of appeal, it remanded the case to the trial court for re-sentencing of the defendant to a prison term not to exceed the statutorily authorized minimum sentence of ten years at hard labor, the latter being the prescribed sentence called for in the Guidelines.[7]
This Court, after granting the State's application for supervisory writs[8] to decide whether and, if so, to what extent the Louisiana Sentencing Guidelines are mandatory in nature, found that:
the Guidelines are mandatory, but only in the sense that the trial court must consider them and, if gross deviation is called for, must "[s]tate for the record the reasons for departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor." La.Admin.Code tit. 22 § 209(4)(b) (West 1993) (emphasis provided). The Guidelines are also advisory, but only in the sense that a judge is not compelled to follow them if a sentence outside the Guidelines is supported by aggravating or mitigating circumstances in the record.[9]
We therefore affirmed the judgment of the court of appeal which affirmed the conviction, vacated the sentence, and remanded the case to the district court for re-sentencing. However, that portion of the court of appeal judgment which directed the district court to impose a sentence not in excess of ten years was modified such that the district judge, if he so determined, could state for the record the aggravating circumstances which would warrant deviation from the Guidelines and thereupon impose an appropriate sentence in excess of ten years, or impose a ten year sentence as prescribed by the Guidelines if *240 there were no such aggravating circumstances.[10]
On application by the State, we granted rehearing[11] in this matter and, for the reasons which follow, now hold that: (1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive,[12] but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.

THE GUIDELINES
In 1987, the Louisiana Sentencing Commission was created and established under the jurisdiction of the Louisiana Commission on Law Enforcement and Administration of Criminal Justice in the office of the Governor of the State of Louisiana. See Acts 1987, No. 158, § 1; La.R.S. 15:322. According to the enabling legislation,
B. [t]he legislature has determined that the best interest of the state would be served by the development and implementation of a uniform sentencing policy for use by the Louisiana judiciary. The purpose of the Louisiana Sentencing Commission is to assist the judiciary by formulating such policy in the form of advisory sentencing guidelines to be considered in determining sentences in particular cases. (Emphasis added).
C. The commission may recommend such legislation as may be necessary and appropriate to achieve a uniform sentencing policy.
La.R.S. 15:321.
The enabling legislation further provides:
§ 326. Advisory sentencing guidelines
A. The commission shall adopt advisory guidelines for consideration by the court imposing sentence in particular cases based upon reasonable offense and offender characteristics. (Emphasis added).
La.R.S. 15:326(A).
§ 328. Effect upon sentence
* * * * * *
B. No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission. (Emphasis added).
La.R.S. 15:328(B).
Pursuant to this legislation, the Sentencing Guidelines formulated by the Louisiana Sentencing Commission were promulgated by the Office of the Governor, Commission on Law Enforcement and Administration of Criminal Justice, Louisiana Sentencing Commission, in January of 1992. Concurrent with the promulgation of the Guidelines, Act 22 of 1991 amended and reenacted La.Code Cr.P. art. 894.1 to read:
Art. 894.1. Sentencing guidelines
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.

* * * * * *
C. The court shall state for the record the considerations taken into account, including aggravating and mitigating circumstances *241 which may be present, and the factual basis therefor in imposing sentence. (Emphasis added).
La.Code Cr.P. art. 894.1.
Also concurrent with the promulgation of the Guidelines, Act 38 of 1991 enacted Code of Criminal Procedure articles 881.1-881.6. Those articles, in pertinent part, state:
Art. 881.4. Action by appellate court
A. If the appellate court finds that a sentence must be set aside on any ground, the court shall remand for resentence by the trial court. The appellate court may give direction to the trial court concerning the proper sentence to impose.
* * * * * *
D. The appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed. (Emphasis added).
La.Code Cr.P. art. 881.4.
Art. 881.6. Effect upon sentence

No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission. (Emphasis added).
La.Code Cr.P. art. 881.6.
Clearly, all of the cited statutes and Code of Criminal Procedure articles contemplate the Sentencing Guidelines as being advisory in nature, with the notable exception of La. Code Cr.P. art. 894.1, which requires the trial judge to consider the Guidelines and state for the record the considerations taken into account and the factual basis for the sentence imposed. The enabling legislation specifically refers to the Sentencing Guidelines as being advisory. La.R.S. 15:326. The Code of Criminal Procedure specifically declares, in three different code articles, that a sentence shall not be set aside due to the failure of the trial court to sentence a defendant in accordance with the Guidelines. La. Code Cr.P. arts. 881.4, 881.6, 894.1. Furthermore, the Sentencing Guidelines themselves were promulgated as advisory in nature:
§ 101. Purpose
A. The purpose of the Louisiana Sentencing Guidelines, hereinafter referred to as "guidelines," is to recommend a uniform sanctioning policy which is consistent, proportional, and fair for use by the Louisiana judiciary in felony cases in which the sentencing court must determine the sentence to be imposed.
* * * * * *
F. The guidelines are intended to assist the court in stating for the record the considerations taken into account and the factual basis for imposing sentence.
* * * * * *
§ 103. Sentencing Principles
J. The guidelines are advisory to the sentencing judge. No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the judge to impose a sentence in conformity with the designated sentence range provided by the guidelines. (Emphasis added).
La.Admin.Code 22.IX.101 & .103. See also Thomas W. Tanner, Foreword to Louisiana Sentencing Guidelines Manual, at v (West 1993) ("[t]he role of the appellate court under the Guidelines remains essentially the same. The appellate court continues to review on the basis of constitutional excessiveness, not on the basis of adherence to the Guidelines."); C. Joseph, B. Boudreaux, C. Lindsay, and M. Menezes, Introduction to Louisiana Sentencing Guidelines Manual, at 3 (West 1993) ("there may be cases in which the sentencing judge simply disagrees with the Commission's assessment of the severity of a particular offense and chooses not to follow the Guidelines' designated sentence range, even in the absence of specific aggravating or mitigating circumstances.... The appellate court may then review the sentence on traditional constitutional grounds of excessiveness.").
Unquestionably, the wording contained in various provisions of the Guidelines is internally inconsistent, in that the Guidelines specifically state that they are advisory to the sentencing judge but then employ the mandatory term "shall" in describing how a trial judge who chooses to employ the Guidelines *242 should make use of them. For example, the Guidelines state that "[i]n imposing a sentence under the guidelines, the court shall state for the record the factors which led the court to determine that the cell in the grid was appropriate. The court may refer to any pre-sentence investigation report or a sentencing guidelines report, if available, in stating for the record the factual basis for imposing sentence," La.Admin.Code 22.IX.201(B) (emphasis added), and that when a court chooses to depart from the sentencing range designated in the Guidelines, "the court shall ... state for the record the reasons for the departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor," La.Admin.Code 22.IX.209(A)(4) (emphasis added). However, as previously noted, the Guidelines themselves also specifically state that they are "advisory to the sentencing judge" and that their purpose is to "recommend a uniform sanctioning policy" and "assist the court in stating for the record the considerations taken into account and the factual basis for imposing sentence." See supra, La.Admin.Code 22.IX.101 and .103.
The Guidelines are also inconsistent with the Sentencing Guidelines enabling legislation and related Code of Criminal Procedure articles. While the Guidelines employ mandatory terms such as "shall," see supra, the enabling legislation and the related Code of Criminal Procedure articles, with the exception of Code of Criminal Procedure article 894.1's mandatory consideration of the Guidelines, all specify that the Guidelines are advisory to the sentencing judge. See La. R.S. 15:321-328; La.Code Cr.P. arts. 881.1-881.6, 894.1.
The use of mandatory terms such as "shall" in the Guidelines, combined with the specification of the Guidelines as advisory in the enabling legislation and the Code of Criminal Procedure, has led to much confusion as to the true nature of the Guidelines, i.e., as to whether the Guidelines are mandatory or advisory to the trial court. See, e.g., State v. Trahan, 608 So.2d 679 (La.App. 3rd Cir.1992) and State v. Strother, 606 So.2d 891 (La.App. 2nd Cir.1992) (guidelines are advisory); State v. Smith, 610 So.2d 152 (La.App. 4th Cir.1993) (guidelines are mandatory). After examining the entire statutory and codal scheme, as well as the Guidelines themselves, we find that the confusion is unwarranted.
As previously explained, the enabling legislation, as well as the related Code of Criminal Procedure articles and the Guidelines themselves, are explicit and uniform in their direction that the Guidelines are advisory in nature. There is no codal or statutory requirement for record justification by the trial judge of his decision to deviate from the Guidelines and impose a sentence other than that which is suggested by the Guidelines. The only mandatory aspects of the statutory scheme are contained in La.Code Cr.P. art. 894.1, which requires the trial judge to consider the Guidelines, and to state for the record the considerations taken into account and the factual basis for the sentence imposed. The requirements of La.Code Cr.P. art. 894.1 attach whether the trial judge chooses to adhere to or instead deviate from the sentence recommended by the Guidelines.
Furthermore, because the Guidelines are not mandatory, where the trial judge adheres to the requirements of La.Code Cr.P. art. 894.1, and imposes a sentence within the statutory range, an appellate court is limited to a traditional review of the sentence for constitutional excessiveness, regardless of whether the trial court imposed sentence pursuant to the Guidelines or outside of the range called for by the Guidelines.

APPLICATION OF THE GUIDELINES TO THIS CASE
In the instant case, the defendant was convicted under the Habitual Offender Law, La.R.S. 15:529.1, and was sentenced as a second offender. According to the transcript of the sentencing hearing, the trial judge stated:
For the record, the Court has reviewed the provisions of Article 894.1 of the Code of Criminal Procedure, the sentencing guidelines, and the newly passed sentencing guidelines by the legislature. Because of the prior conviction for the same offense, because this purse snatching occurred in *243 the French Quarter, and it is going to be the sentence of this Court that he serve fifteen years at hard labor with the Department of Corrections.
Under the Guidelines, defendant's conviction for this offense, plus his prior conviction for the same type of offense, resulted in a sentencing range of 54 to 66 months (4½ to 5½ years). However, under the Habitual Offender Law, the minimum sentence for a second offense of purse snatching is ten years and the maximum sentence is forty years. La.R.S. 15:529.1; La.R.S. 14:65.1. Here, the 15 year sentence imposed by the trial judge is at the low end of the statutory range.
On appeal, the court of appeal first reviewed the sentence imposed by the trial judge for constitutional excessiveness. Finding no merit in defendant's claim of constitutional excessiveness of the sentence, the court of appeal went on to find that the Sentencing Guidelines now establish "an additional standard by which a sentence may be reviewed for appropriateness." Smith, 610 So.2d at 155. In performing this review, the court of appeal noted the Guidelines indicate that when the minimum sentence of a sentence enhanced under the Habitual Offender Law, in this case 10 years, exceeds the maximum indicated sentence under the Guidelines, in this case 5½ years, the court should impose the lawful minimum sentence, unless aggravating circumstances justify imposition of a more severe sentence. Id. at 154. Because the court of appeal determined that the occurrence of the instant crime in the French Quarter and defendant's prior conviction are not justifiable reasons under the Guidelines for deviation from the sentence called for in the Guidelines, it held that the trial judge's imposition of a sentence in this case which deviates from the Guidelines constitutes an abuse of the trial judge's discretion. Id. at 155.
While we agree with the court of appeal's determination that the sentence imposed is not constitutionally excessive, we find, for the reasons expressed herein, that the court of appeal's interpretation of the Guidelines as mandatory, and its review of the sentence imposed in this case on that basis, to be erroneous. As previously stated, the Guidelines are advisory in nature. All that a trial judge is required to do is consider the Guidelines and state for the record the considerations taken into account and the factual basis for the sentence imposed. La. Code Cr.P. art. 894.1. In this case, the trial judge did so. See supra. Therefore, all that remained for the court of appeal was review of the sentence imposed for constitutional excessiveness.[13] Finding, as it did, that the sentence imposed is not excessive, the court of appeal should have simply affirmed the trial court's decision.

DECREE
For the reasons expressed herein, the decision of the court of appeal is reversed, and the judgment and sentence of the trial court is reinstated.
CALOGERO, C.J., dissents and assigns reasons.
DENNIS, J., dissents with reasons.
ORTIQUE, J., dissents for the reasons assigned by DENNIS, J.
CALOGERO, Chief Justice, dissenting.
Needless to say I would prefer that the majority view in this case had not changed and that the original opinion were being reinstated. The majority in this opinion on rehearing presents the identical statutory and administrative provisions as were discussed originally. The only difference concerns the *244 appropriate interpretation of the statutes and the Guidelines. Interestingly, the majority finds that the Guidelines are internally inconsistent.
I believe that the only correct way of interpreting the statutes and the Guidelines is to read and apply their clear language. Consequently, I adhere to the view expressed in the original opinion. The Guidelines are mandatory, but only in the sense that a district judge must consider them. If gross deviation is called for, the judge must state for the record the aggravating or mitigating circumstances warranting the deviation, and the factual basis therefor. However, the Guidelines are also advisory, but only in the sense that a judge is not compelled to follow them in all instances. Further, where a district judge fails to articulate reasons for departure from the Guidelines at the time of sentencing, a proper balance between the Guidelines' mandatory and advisory aspects is served by giving the judge a second opportunity at resentencing to state for the record the aggravating or mitigating circumstances supporting the departure.
We part company with the majority only where it holds that once the judge has considered the Guidelines and articulated the factual basis for the sentence for the record, the inquiry is over, and no appellate court has the power to review even the most baseless articulated reasons so long as the district judge imposes a sentence within the statutory limits.
If there is no appellate review of the soundness or legitimacy of the articulated reasons, as the majority now holds, then to require the district judge to articulate a factual basis for the imposition of that sentence is pointless.
In addition, I agree with Justice Dennis' position expressed in his dissent in this case that a proper constitutional excessiveness analysis should entail consideration of all relevant matter including the Sentencing Guidelines. Even if the majority is correct in holding that the Guidelines are purely advisory, the opinion misses an important point the Guidelines serve a significant function in counseling a court on appropriate criteria by which to determine whether a sentence within statutory limits is nevertheless constitutionally excessive.
DENNIS, Justice, dissenting.
I respectfully dissent.
This case calls upon this court to decide (1)(a) whether the uniform sentencing policy scheme established by law and the sentencing guidelines promulgated by the Louisiana Sentencing Commission imposes any limits or regulations upon the courts' exercise of discretion in performing the sentencing function; (b) and if so, whether the sentencing court committed reversible error by its failure to comply with any such limitation or regulation in the present case; or (2) if the uniform sentencing policy scheme itself does not directly impose any limits or regulations upon the exercise of the sentencing discretion, (a) whether, under Article I, § 20 of the 1974 Louisiana Constitution as interpreted by this court in State v. Sepulvado, 367 So.2d 762 (La.1979), the uniform sentencing policy scheme should be used by analogy as appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless constitutionally excessive; and (b) if so, whether the sentence in the present case is apparently or presumptively excessive under that appropriate criteria.
The majority opinion disingenuously avoids deciding these issues by begging the question, i.e., by "basing a conclusion on an assumption that is as much in need of proof or demonstration as the conclusion itself." Garner, A Dictionary of Modern Legal Usage 82 (1987). First, the majority assumes without demonstration that the uniform sentencing policy scheme must be either all "mandatory" or all "advisory," that is, it must provide either purely directory or totally compulsory guidance. Having made this unwarranted "all or nothing" assumption, the majority glibly concludes that the scheme is purely advisory because it clearly does not aim to abrogate completely judicial discretion in sentencing. Second, the majority concludes that it need not consider the question of constitutional excessiveness based on the assumption, without demonstration, that the court of appeal fully and correctly considered and decided this issue. Were this court to *245 address the genuine issues of this case with more candor, however, it would be forced to conclude that its decision on original opinion was more correct that the present majority opinion.
Despite the present majority opinion's contrary conclusion, the uniform sentencing policy scheme imposes explicit limits and regimens upon the manner in which the sentencing discretion may be exercised by the courts. La.R.S. 15:321(B) states flatly that "the best interest of the state would be served by the development and implementation of a uniform sentencing policy for use by the Louisiana judiciary." The Guidelines, which the trial court "shall consider," La. C.Cr.P. art. 894.1, are meant to assist the court by providing "[a] presumptively correct range of sentences based on offense and offender characteristics." La.R.S. 15:326(C)(4) [emphasis supplied]. Additionally, La.R.S. 15:326(C)(3) states that the guidelines shall assist the court in determining whether to depart from the guidelines and whether to impose a suspended sentence, consecutive sentence, or other sentencing alternatives. Moreover, and perhaps most significantly, La.R.S. 15:328 provides that a sentence is not excessive "solely" because it does not conform to the guidelines. Thus, the statute indicates that when a sentence deviates from the guidelines it may not be declared excessive because of the deviation alone. The statute clearly implies, however, that when an additional factor is present, viz., the sentencer's failure to explain a significant deviation after being specifically directed to do so, the sentence should be presumed to be excessive. The majority opinion's failure to acknowledge, discuss, or explain these provisions betrays a lack of confidence in its conclusion that "[t]he only mandatory aspects of the statutory scheme ... require[] the trial judge to consider the Guidelines, and to state for the record the considerations taken into account and the factual basis for the sentence imposed."
If these provisions do not clearly serve to regulate or limit the exercise of the sentencing discretion so as to bring about order, method, and uniformity in sentencing, certainly they at least create ambiguities or make the sentencing policy scheme susceptible of different meanings in these respects. However, the majority opinion fails to apply well settled principles of law for construing ambiguous statutes or regulations. Heretofore this court has construed ambiguous penal statutes strictly against the state rather than harshly against the individual. State v. Davis, 448 So.2d 645 (La.1984) and authorities cited therein. The United States Supreme Court has held that if any ambiguity in a sentencing statute survives after examination of the legislative history, the principle of statutory construction called the "rule of lenity," requires the court to adopt the more lenient interpretation. U.S. v. R.L.C., ___ U.S. ___, 112 S.Ct. 1329, 117 L.Ed.2d 559 (1992); See also, id. at ___, 112 S.Ct. at 1339 (Scalia, J. Concurring in part); Bifulco v. U.S., 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980); U.S. v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). Further, it has long been established that when a statute or rule is ambiguous it must be interpreted as having the meaning that best conforms to the purpose of the law. State v. Broussard, 213 La. 338, 34 So.2d 883, 884 (1948) (citing authorities). See also, State v. Young, 357 So.2d 503 (La 1978); La.R.S. 14:3. Obviously, the purpose of the uniform sentencing policy scheme is to guide judges in the use of their discretion in sentencing to reduce the disparity and lack of uniformity in sentences. Yet the majority opinion adopts an interpretation that defeats this purpose and promotes disparate and anomalous sentences by granting sentencers unlimited discretion to reject the uniform sentencing policy in imposing sentences.
The majority opinion incorrectly assumes that the court of appeal determined that the sentence imposed is not constitutionally excessive. There is nothing in the court of appeal opinion that indicates that the appeals court ever actually decided any constitutional issue. Evidently, because the court of appeal resolved the case in favor of the defendant on the basis of its interpretation and application of the uniform sentencing policy alone, it properly did not consider whether the defendant was also entitled to the same relief under the constitution. Therefore, the majority opinion is incomplete and should have *246 been amended to consider and adjudicate the defendant's claim that the trial court violated his right to humane treatment by subjecting him to excessive punishment in violation of Article I, § 20 of the 1974 Louisiana Constitution.
The majority opinion also overlooks the well settled principle of state constitutional law that reviewing courts are required to use the legislatively authorized sentencing criteria by analogy in determining whether a sentence constitutes excessive punishment under Article I, § 20 of the state constitution. This court in State v. Sepulvado, 367 So.2d 762, 769 (La.1979), held that "the statutory criteria legislatively provided by La. C.Cr.P. art. 894.1 (1977), which are similar to those evolved by courts in other American jurisdictions with a constitutional or statutory duty to review excessiveness, provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives." This court observed that sentence review requires the development and application of such criteria for sentencing which courts must point to in articulating the reasons based on fact and law for each particular sentence. Id. at 767. The court approved these criteria because they were identical to those recommended by the American Law Institute's Model Penal Code, Section 7.01 (1962), an "acknowledgedly comprehensive and authoritative statement of principles formulated after extensive consultation and studies founded on American experience." Id. at 768. The new statutory-guidelines scheme is a continuation of the development of sentencing criteria authorized and required by this court's interpretation of Article I, § 20 in Sepulvado. The new criteria are more current and comprehensive and equally if not more authoritative than the earlier criteria that this court adopted and required to be applied by the sentencing and reviewing courts. Accordingly, the new uniform sentencing policy scheme, which is similar to those evolved by courts in other American jurisdictions with a constitutional or statutory duty to review excessiveness, constitute appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive. By reason of the constitutional prohibition against excessive sentences provided by Article I, § 20, just as the Sepulvado sentencer did not have "unbridled discretion to disregard mitigating facts" required to be considered by the sentencing criteria, id. at 770, the sentencing judge in the present case did not possess unbridled discretion to impose a sentence in excess of the sentencing criteria approved by the legislature and this court without demonstrating a reasonable factual and legal basis therefor. Therefore, the sentence in the present case, which significantly exceeds the uniform sentencing policy norms without substantial or adequate reason, calls upon this court as a reviewing court to direct the sentencing court to supplement the factual basis and articulation of reasons for the sentence. In the absence of proper supplementation, the sentence should be declared excessive and resentencing should be ordered.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3 of the Rules of the Supreme Court of Louisiana, Hall, J., was not on the panel which heard and decided this case. See State v. Barras, 615 So.2d 285, 286 n. 1 (La.1993).
[1] State v. Smith, 610 So.2d 152 (La.App. 4th Cir.1993).
[2] Id. at 154.
[3] Id. at 155.
[4] See La.Admin.Code 22.IX.101-.311.
[5] Smith, 610 So.2d at 155.
[6] Id. at 156.
[7] According to the Guidelines, La.Admin.Code 22.IX.309(B), when the minimum of an enhanced sentence under the Habitual Offender Law, La.R.S. 15:529.1, in this case 10 years, exceeds the maximum indicated sentence under the Guidelines, in this case 5½ years, the court should impose the lawful minimum sentence, unless aggravating circumstances justify imposition of a more severe sentence.

The court of appeal remanded the case to the trial court for re-sentencing "to a term not to exceed the statutory minimum sentence of 10 years imprisonment." Smith, 610 So.2d at 156. The State assigned the court of appeal's alleged setting of the term of imprisonment to be imposed on remand as error in this Court. While our disposition of the issue of the nature of the Guidelines renders this issue moot on rehearing, we note that the task of the reviewing court is to "give direction to the trial court concerning the proper sentence to be imposed," La.Code Crim.P. art. 881.4, not to actually determine and set, at the appellate level, the sentence to be imposed.
[8] State v. Smith, 619 So.2d 556 (La.1993).
[9] State v. Smith, No. 93-0402 (La. 12/10/93), 629 So.2d 333.
[10] Id. at No. 93-0402 pp. 7-8, 629 So.2d at 337-38. See supra, n. 7.
[11] State v. Smith, No. 93-0402 (La. 3/10/94).
[12] In Louisiana, the trial judge has primary responsibility for determination of whether a sentence is constitutionally excessive. See State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993).
[13] While we disagree with the court of appeal's interpretation of the Guidelines as mandatory and its review of defendant's sentence on that basis, we do not mean to imply that where a trial judge fails to conform to La.Code Cr.P. art. 894.1's requirement that he state for the record the considerations taken into account and the factual basis for the sentence imposed, the reviewing court does not have the ability to remand the case to the trial court for correction of that mistake. Whether the trial judge's statement for the record of the considerations taken into account and the factual basis for the sentence imposed is non-existent, or simply inadequate for proper review, the reviewing court has the ability to remand the case to the trial court for supplementation. La.Code Cr.P. arts. 881.2-881.4, 894.1.