MARVIN, Chief Judge.
A five-year maximum hard labor sentence for the crime of possession of a stolen vehicle (LRS 32:724), is not excessive for a 39 year old fourth-felony offender
—who had been a juvenile offender and had a history of stealing cars, and
—who bargained to plead guilty to that crime, thereby reducing his sentence exposure by one-half after being charged with felony theft of an automobile valued at more than $500.
Because the crime of possession of a stolen vehicle is not included among the offenses that are classified in the Louisiana Sentencing Guidelines, the guidelines do not apply. LSG § 101C. In such circumstances, a trial court has the discretion to refer to an analogous offense that is ranked in the guidelines, and impose a sentence within the statutory range, articulating reasons therefor under CCrP Art. 894.1. Our review of a sentence under that article and under the assignment of error made by this defendant is limited to constitutional excessiveness, whether the trial court’s reasons are legally proper and factually supported by the record. LSA-Const. Art. 1, § 20; State v. Smith, 93-0402 (La. 07/05/94) on rehearing, 639 So.2d 237.
Legally and factually, the trial court complied with Art. 894.1. The record supports the sentence. The maximum sentence for this defendant is neither unjust nor shocking and is not purposeless or needless. State v. Dorthey, 623 So.2d 1276 (La.1993).
DECREE
The sentence is AFFIRMED.