|2LeBLANC, Judge.
Darrell O’Neal was charged by bill of information with four counts: attempted first degree murder, armed robbery, attempted armed robbery, and theft of property having a value over $1000. He pled not guilty, and the state proceeded to trial on the count of armed robbery only. Defendant was found guilty as charged and sentenced to serve a term of sixty years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. Later, the state nol-prossed the remaining three counts.
Defendant appealed his conviction and sentence. In an unpublished opinion, this Court affirmed the conviction, amended the sentence to reflect that defendant be given credit for time served and remanded the case with an order to the district court to amend the commitment and minute entry of sentencing to reflect credit for time served. See State v. O’Neal, 612 So.2d 1071 (La.App. 1st Cir.1992). Defendant applied for supervisory writs to the Supreme Court. In granting the application in part and denying it in all other respects, the Supreme Court vacated the sentence and remanded the case to the trial court “for resentencing and further articulation of reasons for sentencing in accordance with laws.” State v. O’Neal, 614 So.2d 1249 (La.1993).
Thereafter, at a May 10, 1993, (first) re-sentencing hearing, the trial court resen-tenced defendant to sixty years at hard labor with credit for time served. Defendant appealed this sentence as constitutionally excessive. In an unpublished opinion, without making any determination on the issue of excessiveness, we vacated the sentence and remanded the matter to the trial court for resentencing in accordance with the order of the Supreme Court. See State v. O’Neal, 93-1247 (La.App. 1st Cir. 5/20/94); 637 So.2d 1324.[1]
| .^Subsequently, at a July 13,1994, (second) resentencing hearing, the trial court resen-tenced defendant to fifty-nine years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Two days later, defendant filed a motion to reconsider this sentence, which the court denied that same day. Defendant now appeals, urging in a single assignment of error that the trial court imposed an excessive sentence “after two previous illegal sentences were vacated; further, the trial court erroneously imposed harsher conditions by specifying *63 that the new sentence was to be served without benefit of parole, probation, or suspension of sentence and this was after the State did not appeal the previous sentences.”
The facts relating to the instant offense are derived from the record as revealed in our original opinion affirming the conviction and sentence as amended and are as follows. On December 28, 1990, John Lirette was washing his 1988 Toyota pickup truck at Harry’s Car Wash in Terrebonne Parish when defendant approached him. Lirette recognized defendant’s face from having gone to school with him. Lirette asked defendant how he was doing, but defendant did not reply. Lirette assumed defendant was going to do something like ask for a ride. However, when Lirette bent down to spray the bottom of the truck, defendant pulled out a .38 revolver and pointed it at Lirette’s head. When Lirette stood up, defendant pointed the gun at Lirette’s abdomen and asked for Lirette’s keys and wallet. Initially, Lirette refused. Defendant again demanded the keys and wallet, this time putting the gun to the victim’s face. When Lirette attempted to grab the gun, defendant pulled away and fired a shot into the ground on the side of the victim’s leg. Lirette then told defendant the keys were in the truck. Defendant again asked for the wallet. Fearing for his life, Lirette gave defendant the wallet. Defendant then got into the truck and drove away.
After receiving a description of the suspect and the stolen vehicle, deputies with the Ter-rebonne Parish Sheriffs Office located defendant. Deputy Frank Johnson observed defendant | traveling in an erratic manner in and out of traffic at speeds of about 110 mph. After turning onto Ferry Road, defendant struck a small tree and ran into the bayou. As the vehicle was submerging, defendant escaped through the back cab window. He swam to the shore and lay on the ground as directed by Deputy Johnson.
When the vehicle was pulled to the shore, law enforcement authorities found an old model Colt .38 special revolver, still cocked, laying on the floorboard. The gun was loaded with five live rounds and one spent round. A deputy also retrieved the victim’s wallet as it floated out of the truck.
Defendant was transported to the hospital. During questioning by a detective, defendant admitted committing the offense.

ASSIGNMENT OF ERROR:

In his sole assignment of error, defendant contends that the trial court erred by imposing an excessive sentence and by imposing harsher conditions of imprisonment, viz., that the sentence be served without benefit of parole, probation or suspension of sentence. Defendant asserts that he “probably falls within” either a Grid Cell E-1 or F-1 “depending on his prior felony conviction;” and he states that the “record appears incomplete with regard to this.” In any event, defendant further asserts that even assuming arguendo that the applicable Grid Cell is an A-l, the maximum sentence provided by that grid cell is thirty years,[2] approximately one-half the sentence he received. Defendant submits that he probably should have been sentenced to no more than ten and one-half years imprisonment and that the sentence imposed is nothing more than a purposeless imposition of pain and suffering. Additionally, defendant argues that the trial court imposed sentence without making more than a cursory reference to the Guidelines promulgated by the Louisiana Sentencing Commission and without articulating a factual basis or reasons supported by the record for such an egregious deviation from the Guidelines.
Islnitially, we note that defendant incorrectly indicates in brief that the sentence imposed at the second resentencing hearing was not less than the sentence he originally received. As previously stated in this opinion, the sentence originally imposed was sixty years at hard labor, one year more than the fifty-nine year sentence imposed at the second resentencing hearing. Furthermore, notwithstanding defendant’s assertions to the contrary, both of these sentences were imposed without benefit of parole, probation, or suspension of sentence.
Although the sentence imposed at the first resentencing hearing was illegal due
*64 to the trial court’s failure to deny the benefit of parole, the trial court correctly denied parole eligibility in imposing defendant’s original sentence and the sentence imposed at the second resentencing hearing. While we as an appellate court could note the trial court’s error at the first resentencing in failing to deny parole eligibility, as we did in State v. O’Neal, 98-1247, p. 2, n. 1 (La.App. 1st Cir. 5/20/94); 637 So.2d 1324, we were precluded from correcting the error since the error was in defendant’s favor and the state had not appealed the illegal sentence. However, on remand of this matter for the second resentencing, those same constraints did not apply to the trial court, which had the authority to notice and correct the error, as the trial court did. See State v. Fraser, 484 So.2d 122, 124 (La.1986). Furthermore, even assuming that defendant has received a greater, but legal sentence, on second remand, the circumstances of this case do not support a presumption of vindictiveness under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), as defendant’s sentence rests on an “on-the-record, wholly logical, non-vindictive reason_” State v. Lucas, 598 So.2d 338 (La. 1992) (quoting Texas v. McCullough, 475 U.S. 134, 140, 106 S.Ct. 976, 980, 89 L.Ed.2d 104 (1986)). We now turn our attention to defendant’s arguments that his sentence is excessive.
Under the law in effect at the time of defendant’s second resentencing, a trial court was required to “consider” the Felony | (¡Sentencing Guidelines promulgated by the Louisiana Sentencing Commission in imposing sentence and to state for the record the considerations taken into account and the factual basis for the sentence imposed. LSA-C.Cr.P. art. 894.1(A) & (C) (prior to amendment and reenactment by 1995 La. Acts No. 942, § 1). Provided the court complied with these requirements of article 894.1, it had “complete discretion to reject the Guidelines and impose any sentence which [was] not constitutionally excessive, but [was] within the statutory sentencing range for the crime of which a defendant [had] been convicted....” State v. Smith, 93-9402, p. 3 (La. 7/5/94), 639 So.2d 237, 240 (on rehearing) (footnote omitted). See State
v. Bennett, 623 So.2d 74, 77 (La.App. 1st Cir.1993), writ denied, 93-2128 (La. 3/11/94), 634 So.2d 404. See also LSA-R.S. 15:326(A) & 15:328(B); LSA-C.Cr.P. arts. 881.4(D), 881.6 & 894.1(A). The Supreme Court described our duty as a reviewing court as follows:
[Wjhere the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional exces-siveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Smith, 93-0402, p. 3, 639 So.2d at 240. See also Bennett, 623 So.2d at 78.
At the beginning of the second resentenc-ing hearing, defense counsel requested that the trial court review the Guidelines for guidance in sentencing defendant. However, our review of the record fails to disclose that the court in any way responded to the foregoing request or that the court ever even alluded to or mentioned the Guidelines at sentencing. Hence, we conclude that there is nothing in the entire record reflecting that the trial court actually considered the Guidelines in imposing sentence.
Effective August 15, 1995, the Legislature repealed that provision in LSA-C.Cr.P. art. 894.1A requiring a trial court to consider the Guidelines promulgated by the Louisiana Sentencing Commission. See 1995 La.Acts No. 942, § 1. Those Guidelines [ 7were applicable to sentences imposed on and after their effective date (January 31, 1992), even when the offenses were committed prior to their effective date and even when an original sentence was imposed prior to the effective date and a new sentence imposed thereafter. See State v. Sabathe, 617 So.2d 1176, 1177 (La.1993); State v. Blue, 591 So.2d 1172 (La.1992); State v. Moses, 615 So.2d 1030, 1035 (La.App. 1st Cir.), writ denied, 624 So.2d 1223 (La.1993). To that extent, the Guidelines were retroactive. Similarly, the repeal of the provisions of Article 894.1A requiring a trial court to consider the Guidelines pro *65 mulgated by the Louisiana Sentencing Commission is applicable to new sentences imposed on and after August 15, 1995, even when the original sentence was imposed pri- or thereto.
Therefore, although we recognize that under the jurisprudence and statutory scheme which existed when the instant sentence was imposed, the sentence would be vacated because the record does not reflect consideration of the Guidelines by the trial court, we decline to vacate defendant’s sentence. Any new sentence would be imposed at a time when the trial court is no longer required to consider the Guidelines. Hence, to vacate the instant sentence for failure to consider the Guidelines promulgated by the Louisiana Sentencing Commission would be an exercise in futility.
However, we do consider the issue of constitutional exeessiveness of the instant sentence. At the beginning of the second resentencing hearing, defense counsel urged the trial court to show some leniency in sentencing defendant. Defense counsel asserted that the previously imposed sentence of sixty years imprisonment at hard labor was excessive and that she was unable to find any aggravating circumstances to justify the imposition of such a sentence. She further asserted that defendant had a “clean record” prior to the instant offense.
At that point, the trial court allowed the prosecutor to make a presentation to the court. The prosecutor stated that defendant had a prior felony conviction for distribution of some narcotic in Oklahoma. The prosecutor indicated there was an extradition | gdetainer on defendant in connection with the failure of defendant to comply with the terms of his probated sentence for the prior conviction.
In articulating its reasons for the second resentencing, the trial court took cognizance of defendant’s prior felony conviction. The court then carefully and thoroughly reviewed the facts of the instant offense. In doing so, the court stated that it was not taking into account the fact that defendant had also been accused of committing an armed robbery shortly before the commission of the instant offense. The court then focused upon the nature of the crime of armed robbery. The court opined that armed robbery is perhaps the most dangerous non-capital crime, noting the crime often results in the vietim(s) being killed. The court observed that armed robberies committed with guns are very common and must be stopped.
In articulating additional reasons for imposing the instant sentence, the trial court stated the following:
This is not going to stop [armed robbery]. This is going to stop [defendant]. His behavior on this occasion, given all of the things that he did is preposterous. It’s beyond the bounds of reason. It indicates to me that he’s the kind of person that need not be on the street because he’s going to hurt somebody sometime. We don’t have here a choir boy who got caught in a bad situation one time. We have here an offender who needs to go away despite his tender age.
Given the facts of record in this case and the record of the second resentencing proceeding, we are convinced that the trial court fully considered the sentencing alternatives and individualized the sentence to the particular defendant for the particular crime involved. Hence, we find defendant’s sentence is not constitutionally excessive. Accordingly, we find no merit to this assignment and affirm defendant’s sentence. In reviewing the record for patent error, we found that although the court minutes indicate the court credited defendant with time served, the sentencing transcript shows the court failed to give defendant credit for time served. The failure to credit defendant with time served is error patent. See LSA-C.Cr.P. art. 880; State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not | grequired. However, we order that defendant be given credit for time served, remand the ease, and order the district court to amend the commitment, if necessary, to reflect that defendant is to receive credit for time served. See, LSA-C.Cr.P. art. 882.
SENTENCE AFFIRMED; REMANDED WITH ORDER.

. In that opinion, citing State v. Fraser, 484 So.2d 122, 124-125 (La.1986), we noted that although the trial court had erred by not specifying that the sentence was to be served without benefit of parole, as required by LSA-R.S. 14:64B, we would not correct the sentence as the error was in defendant’s favor and the state had not appealed the illegal sentence.

. Grid Cell A-1 provides for a sentencing range of 360-330 months.