| jMURRAY, Judge,
dissenting with reasons.
I respectfully dissent. On defendant’s initial sentencing, the trial judge gave some reasons for deviating from the guidelines. On appeal, this court reversed the sentence holding that the reasons given were not an adequate articulation for imposition of the maximum sentence. At defendant’s resen-tencing, the trial court, without citing valid aggravating or personal circumstances or characteristics of the appellant, again imposed the maximum term of twenty-one years for this sixteen year old first offender.
Although the trial judge made some reference to and rejected the sentencing guidelines, he failed to state in the record the considerations taken into account and the factual basis for the sentence imposed. State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237. The reasons advanced in this case by the trial judge for the sentence are insufficient justifications for imposing the maximum sentence. The appellant contended, and the jury apparently believed, that the homicide was either unintentional or committed under sudden passion or heat of blood. Moreover, the defendant turned himself in to the police and admitted that he shot the decedent.
The trial court abused its discretion in sentencing this defendant to twenty-one years, the maximum sentence at the time of the offense, since he cannot be considered to be the worst offender. While circumstances of his crime may warrant a sentence beyond the minimum, the record does not show that he is “the most egregious and blameworthy of the offenders within [this] class [of defendants].” State v. Telsee, 425 So.2d 1251, 1253 (La.1983).