JiCOOKS, Judge.
Defendant, Keith Meche, was charged by bill of indictment with aggravated rape in violation of La.R.S. 14:42, second degree kidnapping in violation of La.R.S. 14:44.1, and aggravated crime against nature in violation of La.R.S. 14:89.1. Defendant initially filed pleas of not guilty to the charges. By amended bill, the State later charged defendant with forcible rape instead of aggravated rape and reurged the second degree kidnapping charge. The State then dismissed the earlier count charging defendant with aggravated crime against nature. Defendant appeared in court with counsel, waived formal arraignment, and entered pleas of guilty to forcible rape and second degree kidnapping. Before accepting the pleas the trial court fully Boykinized defendant, informing him of the possible penalties. The trial court sentenced defendant to twenty-five years at hard labor on each offense, to run concurrently, with the first five years of each sentence to be served without benefit of probation, parole or suspension of sentence. Defendant filed a motion to ^reconsider the sentence, which was denied by the trial court. This appeal followed. Defendant assigns for review four errors, all alleging his sentence is excessive.
The Louisiana Supreme Court in State v. Smith, 93—402 (La.7/5/94); 639 So.2d 237, 240 discussed the process of appellate review of a trial court’s sentencing process and held that:
(1) [Wjhile a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code CrJP. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines. (Footnote omitted).
The trial court stated the following reasons for departing from the sentencing guidelines:
I have given this matter a lot of thought, perhaps more thought than a lot of sen-tencings. I have agonized over the letters from both sides. I have tried to figure out what to do. And in the final analysis, it comes down to this. What Mr. Meche has admitted doing in this case constitutes two (2) horrible crimes on the person of anoth *830 er. I keep coming back to the fact that a gun was used to force someone against her will, to go to a place where she didn’t want to be, and submit to sexual assaults. I am convinced that she didn’t want to be there, by the fact that she jumped out of a moving vehicle and was forced back in.
I keep going back to the realization that in order to accomplish these crimes, Mr. Meche had to do some planning, and had to carry out his plan from getting a room to going to the place from which the victim was followed, forcing her out of the car at gunpoint, forcing her back into his vehicle after she had jumped out at gunpoint, blindfolding her, threatening her, and forcing her to | acommit not one (1), not two (2), but at least three (3) sexual acts. Those are the things that I cannot close my eyes to.
Mr. Guilbeau has expertly pleaded leniency on the behalf of Mr. Meche. That is his job. That is what he is supposed to do. And I have listened to him. But the only things that he is able to point out to me were the facts that he’s faced with, are that Mr. Meche is a first offender, that he has been a good family man. That he has a chemical abuse problem, which causes him to be a different person, according to the experts, when he drinks. That he told the victim he was sorry immediately after. And that he took her not home, but to a place close to her home, and that he did not hurt her with the weapon.
But I don’t believe that those things override the sequence of events that took place on that night. I don’t believe that those mitigating circumstances justify this court going along with the sentencing guidelines report. The law is that I must look at the sentencing guidelines, and if I do not follow them, and that is the six (6) to eight and a half (8½) years, I have to give good reason for it. I believe I’ve just done that.
The Legislature has seen fit to place a penalty on each of these crimes at a minimum of five (5) and a maximum of forty (40) years, with at least two (2) years being without benefit of probation, parole, or suspension of sentence.
The sentencing guidelines, I believe, are low mainly because its a first offense. The problem I have with this kind of crime is that first offense is much more significant than in a lot of other crimes, because this type of crime is more likely to be repeated, statistics show. So, I’m not really as impressed with the fact that Mr. Meche is only a first offender, as I might be where other crimes are concerned.
This was an act of extreme violence— two (2) acts of extreme violence, to be taken someplace you don’t want to be, with somebody you don’t want to be with, and forced to do things you would only do with persons that you feel intimate with, is the worst kind of infringement on a person.
I don’t believe that I can give the maximum sentence in this case because it is a first offense, and because the sentencing guidelines are much, much lower. My job is not to go along with the victims who always want the maximum, whether its ten (10), forty (40), eighty (80), a hundred (100), or a thousand (1,000) years, whatever it would be, I’m sure the victim would want the maximum sentence, and I wouldn’t disagree with you. And I can’t go along with the defense who wants the minimum, because 14that’s what Mr. Guil-beau is supposed to do. What I have to do is try to find a sentence somewhere in between that is fair and just, and will punish Mr. Meche adequately for the crimes that he has committed.
The record reveals the trial court considered both the aggravating and mitigating circumstances present. He also considered the sentencing guidelines, but chose to depart from them and impose a greater sentence which was within the statutory range. Therefore, this court is limited to a review of the sentences imposed for constitutional excessiveness. Smith, 639 So.2d 237.
The jurisprudence instructs defendant’s sentence may not be reversed on the grounds that it is excessive unless we find the penalty is so disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than the *831 needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La. 1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
Defendant argues it was error for the trial court to impose a sentence which was three times that recommended by the guidelines. Defendant further relies on his status as a first felony offender and asserts his status as such also suggests his sentence is excessive.
Defendant was sentenced to twenty-five (25) years at hard labor on each count to run concurrently. This sentence is in the middle range provided by law with respect to each count. The trial court in his reasons for sentence noted the defendant was a first felony offender. However, the trial court felt defendant’s use of a gun to [5kidnap the victim and subsequently rape her mandated a sentence that would adequately punish him for these crimes. Defendant was originally charged with aggravated rape, second degree kidnapping, and aggravated crimes against nature. These crimes potentially exposed him to a maximum life sentence plus fifty-five (55) years without the benefit of probation, parole, or suspension of sentence. However, defendant received two concurrent sentences of twenty-five (25) years at hard labor with the first five (5) years of each sentence to be served without benefits.
The trial court adequately complied with the provisions of La.Code Crim.P. art. 894.1 by considering the guidelines. The trial court noted for the record the considerations it took into account and the factual basis for imposing sentence. We find the trial court did not abuse its discretion in sentencing defendant to serve twenty-five (25) years on each count. The sentences are not so grossly disproportionate to the severity of defendant’s offenses as to shock our sense of justice. The sentences imposed make a measurable contribution to acceptable penal goals and are not needless impositions of pain and suffering. Therefore, the sentences are not “cruel, excessive, or unusual punishment.”
ERRORS PATENT
A review of the record reveals two errors patent. The record does not reflect defendant was given credit for time served. La.Code Crim.P. art. 880 provides when imposing sentence the court shall give defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record shows the trial court did not do so. This case is remanded and the district court is ordered to amend the commitment and minute entry of the sentence accordingly. State v. Jones, 607 So.2d 828 (La.App. 1 Cir.1992), writ denied, 612 So.2d 79 (La.1993); La.Code Crim.P. art. 882(A).
| gThe record also does not indicate defendant was advised of the three-year limitation for seeking post-conviction relief as set out in La.Code Crim.P. art. 930.8. Therefore, the district court is ordered to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of these proceedings. State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).
DECREE
For the foregoing reasons, the defendant’s sentence is affirmed. The case is remanded to the sentencing court with instructions to grant defendant credit for time served and amend the commitment and minute entries to reflect the credit so granted. Further, the trial court shall provide defendant with written notice of the prescriptive period for requesting post-conviction relief in accordance with La.Code Crim.P. art. 930.8.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.