liNORRIS, Chief Judge.
After pleading guilty to attempted second degree murder, La. R.S. 14:27 and 14:30.1, defendant, Willie Lee Melder, was sentenced by the district court to 20 years hard labor. In this out-of-time appeal, Melder contends the trial judge failed to follow the Felony Sentencing Guidelines [1] in effect at the time of his sentencing and imposed a constitutionally excessive sentence. For the following reasons, we affirm.
I.
On June 12,1993, defendant, then 51 years old, became involved in an argument with his wife regarding her working and his drinking. After his wife stated she was leaving and intended to take their then eight year old son and fourteen year old daughter with her, Melder retrieved a .22 caliber rifle from his car and shot her in the head in front of the children. Called by the son, the police arrived and found defendant sitting on the front porch smoking a cigarette while his wife lay inside bleeding and in serious condition. In statements to the police at the scene and sometime later, Melder readily admitted what he had done and stated that he shot his wife because he had enough and could not take it anymore.
On November 22, 1993, Defendant pled guilty as charged to attempted second degree murder. The trial court deferred sentencing until a pre-sentence investigation report (“PSI”) could be completed. Upon reviewing the PSI and listening to statements of the victim, her father, and defendant’s daughter, the district judge deviated upward from the Felony Sentencing Guidelines recommended maximum of 126 months and sentenced Melder to 240 months at hard labor on May 13, 1994. Defendant’s timely motion for reconsideration of ^sentence was denied. Upon the granting of his motion for an out-of-time appeal, defendant now appeals his sentence urging that the district judge’s deviation from the guidelines is not supported by the record and that his sentence is constitutionally excessive.
II.
Under the former Felony Sentencing Guidelines, the district court had complete discretion to impose any sentence within the statutory sentencing range for the crime of conviction. State v. Smith, 93-0402 (La.7/5/94), 639 So.2d 237 (on rehearing). The court need only have considered the Sentencing Guidelines and stated for the record the considerations taken into account and the factual basis for sentence. La.C.Cr.P. art. 894.1; State v. Smith, supra. One valid aggravating circumstance was sufficient to support an upward departure. State v. Thomas, 27,504 (La.App.2d Cir.11/1/95), 662 So.2d 798; State v. Coates, 27,287 (La.App.2d Cir.9/27/95), 661 So.2d 571, writ denied, 95-2613 (La.2/28/96), 668 So.2d 365. An aggravating circumstance is a factor present to a significant degree which makes the case more serious than the typical case. La. S.G. § 209B. When the district court complied with these requirements, appellate review of a sentence above the recommended range was limited to constitutional excessiveness. State v. Smith, supra; State v. Thomas, supra; State v. Lindsey, 28,016 (La.App.2d Cir.4/3/96), 671 So.2d 1155.
At the sentencing hearing, the trial judge considered the PSI report, testimony from the family members, and the sentencing *973 guidelines. Reviewing the facts of the offense in some detail, the court considered the various aggravating and mitigating circumstances. Specifically, the court noted that while defendant was a first time felony offender he had an extensive prior criminal history involving numerous arrests for driving while intoxicated, including at least 13four misdemeanor convictions for that offense. The trial judge found this history of substance abuse and the inability to bring it under control to be a significant aggravating factor when viewed in light of the fact that defendant admitted to drinking two beers prior to shooting his wife.[2] Nonetheless, the court recognized as mitigating factors the numerous letters received from his employer and fellow employees and his work history.
The trial court also noted that defendant had callously shot his wife in the head and left her to die. The bullet entered through her right ear, turned, hit the jaw bone, and then lodged in Mrs. Melder’s throat. As a result and as observed by the district judge, Mrs. Melder has been left mentally and physically destroyed.[3] The judge also considered the terrible impact on the defendant’s children as a result of seeing their mother shot by their father. The judge could find no excuse or justification for defendant’s merciless act.
This record easily shows that the district judge considered the guidelines. In view of the impact on the victim and defendant’s family, Melder’s history of alcohol abuse, and the sheer cruelty of the crime, the lower court articulated adequate aggravating factors to support the upward departure. Under the circumstances, the trial court could have concluded that this case was distinguishable from the typical case contemplated by the guidelines.
Having determined that the guidelines were complied with, we next address whether defendant’s sentence is constitutionally excessive. A sentence violates La. Const. Art. I § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and |4suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is deemed grossly disproportionate if, when the crime and punishment are weighed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Adger, 30,215 (La.App.2d Cir.12/10/97), 707 So.2d 1000. A district court has wide discretion to sentence within the statutory limits, and such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Lindsey, supra. In light of the circumstances cited by the trial court and found in the instant record, Melder’s sentence of less than half the statutory maximum is not grossly out of proportion to the offense committed and does not shock our sense of justice. The trial court did not abuse its wide sentencing discretion.
III.
Upon review of the record, we note that the district judge informed Melder that he had “three years to apply for post-conviction relief [PCR].” La.C.Cr.P. art. 930.8 provides that the prescriptive period for PCR commences from the finality of defendant’s conviction and sentence. This defect has no bearing on the sentence and is not grounds for remand. La.C.Cr.P. art. 921. The district court is directed to give appropriate written notice of the prescriptive period for PCR within 10 days of the rendition of this opinion and to file Melder’s receipt of such notice in the record. State ¶. Lindsey, supra, and citations therein.
IV.
For the reasons expressed, Melder’s conviction and sentence are affirmed.
*974 CONVICTION AND SENTENCE AFFIRMED.

. The Felony Sentencing Guidelines were repealed by La. Acts 1995, No. 942, § 3, effective August 15, 1995.

. We note that a lab report filed into the record by the State pursuant to discovery requests shows that defendant’s blood alcohol level was 0.13g%, suggestive of much greater alcohol consumption.

. Testimony and a victim impact statement show that Mrs. Melder is no longer able to work at her former job as a licensed practical nurse, in spite of efforts to do so, and has been left with numerous permanent physical disabilities, all as a result of the injuries received from the shooting.