| .DUFRESNE, Judge.
The District Attorney for St. John the Baptist Parish filed a bill of information charging the defendant, Daniel LaGrange, with aggravated oral sexual battery, a violation of LSA-R.S. 14:43.4. After being advised of his constitutional rights, the defendant withdrew his original plea of not guilty and pled guilty as charged. The court subsequently sentenced the defendant to fifteen years imprisonment at hard labor. The defendant now appeals asserting that the sentence imposed was excessive.
The Eighth Amendment to the United States Constitution and Article 1, § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or is nothing more than a needless and purposeless imposition of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5 Cir. 1991), writ denied, 577 So.2d 1009 (La.1991). In reviewing a sentence for exces-siveness this Court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same [2time the wide discretion afforded the trial judge in determining and imposing sentence. A sentence within statutory limits will not be set aside as excessive absent manifest abuse of discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065.
In the present case, the defendant pled guilty to aggravated oral sexual battery. The penalty provision for that offense is contained in LSA-R.S. 14:43.4 C which provides as follows:
Whoever commits the crime of aggravated oral sexual battery shall be punished by imprisonment, with or without hard labor for not more than twenty years.[1]
The defendant was sentenced to fifteen years at hard labor and now argues that his sentence was excessive. In the present case, the trial judge gave very thorough reasons for the imposition of sentence. The sentencing transcript reflects that the trial judge considered the presen-tence investigation report, the defendant’s young age, and his status as a first felony offender. In addition, the court considered the correspondence from the defendant’s family members asking for leniency as well as the fact that the defendant admitted his criminal culpability in open court, without reservation and without trying to make excuses. However, the court also considered the circumstances of the offense, noting that the crime was “a heinous and physically brutal crime.” Specifically, the facts of the case reveal that the defendant and another individual struck and punched the two minor male victims, aged thirteen Land fifteen. After the boys were physically assaulted, they were given the option to either continue to get beaten or to engage in oral sex with each other while the two perpetrators watched. Af-terwards, one of the victims was instructed to hold the defendant’s penis while he urinated. As a result of this incident, both *1008 minor boys suffered physical injuries and psychological problems. Based on these circumstances, we cannot say that the trial judge abused his discretion in imposing a fifteen year sentence on this particular defendant.
We note that we did consider the defendant’s argument that the sentence was excessive because the trial court failed to take into account the Sentencing Guidelines promulgated by the Louisiana Sentencing Commission. These particular guidelines were repealed by Acts 1995, No. 942, effective August 15, 1995, and thus, were not in effect at the time of the defendant’s sentencing which occurred on February 23, 1996. LSA-C.Cr.P. art. 894.1(A) & (C) (prior to amendment and reenactment by 1995 La. Acts No. 942, § 1). However, prior to the abolition of the Guidelines, the Louisiana Supreme Court held that as long as the court complied with the requirements of article 894.1, it had “complete discretion to reject the Guidelines and impose any sentence which [was] not constitutionally excessive, but [was] within the statutory sentencing range for the crime of which a defendant [had] been convicted.... ” State v. Smith, 93-0402 (La.7/5/94), 639 So.2d 237, 240 (on rehearing)(footnote omitted). Moreover, even if we vacated the defendant’s sentence for failure to follow the guidelines, “any new sentence would be imposed at a time when the trial court is no longer required to consider the Guidelines. Hence, to vacate the instant sentence for failure | ¿to consider the Guidelines promulgated by the Louisiana Sentencing Commission would be an exercise in futility.” State v. Rogers, 95 1485 (La.App. 1 Cir. 9/27/96), 681 So.2d 994, 999, writ denied, 693 So.2d 749 (La.1997).
We also considered the defendant’s argument that he was under the impression that the court would grant him leniency in imposing sentence since the court accepted his plea under the provisions of LSA-C.Cr.P. art. 893, which provides for suspension and deferral of sentence and probation in felony cases. There is no merit to this argument. The record is clear that the defendant was given no promises in regard to the sentence that would be imposed. The fact that he tendered his plea pursuant to LSA-C.Cr.P. art. 894 provides no guarantee that his sentence would be suspended or probated. The provisions of that article make the suspension and deferral of sentence discretionary with the trial judge, providing, in pertinent part, that “[w]hen it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole.”
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920. Our review reveals no errors patent.
For the reasons set forth herein, we hereby affirm the defendant’s conviction and sentence.

AFFIRMED.

. The penalty provisions of LSA-R.S. 14:43.4 were amended by Acts 1995, No. 946, § 2 to ' provide that the sentence be served without benefit of parole, probation, or suspension of sentence. However, the penalty provision in effect at the time of the commission of the instant offense did not so specify.